IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES ARTHUR BIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 98-438-GMS |
| | ) | |
| MELANIE WITHERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

### I. INTRODUCTION

The plaintiff James Arthur Biggins, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 28, 1998. (D.I. 2.) The case was dismissed without prejudice on October 22, 1998, for failure to state a claim upon which relief may be granted. (D.I. 11.) Now before the court is the plaintiff's motion to reopen the case. (D.I. 19.)

### II. BACKGROUND

The complaint alleges that proper extradition procedures were not followed when the plaintiff was brought from Maryland to Delaware to face charges of unlawful sexual intercourse first degree, possession of a deadly weapon during the commission of a felony, assault first, and unlawful imprisonment first. (D.I. 2.) The court dismissed the case on October 22, 1998, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. (D.I. 11.) The plaintiff moved for reconsideration and, for the reasons set forth in the October 22, 1998 order, the court denied the motion on December 17, 1998. (D.I. 13.) The plaintiff filed a notice of appeal on January 6, 1999. (D.I. 14.) On May 27,

1999, the United States Court of Appeals for the Third Circuit dismissed the appeal for lack of appellate jurisdiction on the grounds that the appeal was filed outside the time period prescribed for filing a notice of appeal. (D.I. 17.) The appellate court explained that the plaintiff's motion for reconsideration was untimely filed, the plaintiff produced no documentation to show that he timely delivered his motion for reconsideration to prison authorities and, therefore, the time for taking an appeal was not tolled. (*Id.*) The mandate issued June 30, 1999.

On April 7, 2016, more than sixteen years after the appellate court issued its mandate, the plaintiff filed a motion to reopen the case. (D.I. 19.) The motion is dated March 31, 2016. In the motion, the plaintiff appears to argue that the district court erred in dismissing his complaint. He asks the court to reopen this action to correct a manifest injustice of fact and law.

### III. DISCUSSION

The plaintiff does not indicate under which rule he moves to reopen the case. However, under Rule 60, relief from judgment or order, a motion under Rule 60(b)(4), (5), or (6) must be made within a "reasonable time" after the entry of the judgment, order, or the date of the proceeding.[1] *See* Fed. R. Civ. P. 60(c). To prevail on a Rule 60(b)(4) motion, a plaintiff must show that "the judgment is void." Fed. R. Civ. P. 60(b)(4). Rule 60(b)(5) provides that relief from a judgment may be had if "the judgment has been satisfied, released, or discharged; [] based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." *Id.* at (b)(5). Rule 60(b)(6) "is a catch-all provision that allows relief for any reason justifying relief from the operation of the judgment." *United States v. Witco Corp.*, 76 F. Supp.

---

[1] A motion under Fed. R. Civ. P. 60 (b)(1), (2), or (3) must be made no more than a year after the enter of the judgment or order or the date of the proceeding. Rule 60(b)(1), (2), and (3) are inapplicable due to the plaintiff's lengthy delay in filing the motion.

2d 519, 527 (D. Del. 1999). It is within the sound discretion of the trial court to grant or deny relief under this section. *Lasky v. Continental Products Corp.*, 804 F.2d 250, 256 (3d Cir. 1986).

It is not appropriate to reopen this case under Rule 60(b)(4) since there has been no finding that the judgment against the plaintiff is void. A judgment is void and subject to relief under Rule 60(b)(4) only if the court that rendered it lacked jurisdiction to do so, or entered "a decree which is not within the powers granted to it by the law." *Marshall v. Board of Educ.*, 575 F.2d 417, 422 (3d Cir. 1978) (citation omitted). A judgment is not void and not within the purview of Rule 60(b)(4) simply because it is erroneous or based upon precedent later deemed incorrect or unconstitutional. *Id.* (citations omitted).

It is also inappropriate to reopen the case under Rule 60(b)(5). *See United States v. Dansbury*, 1996 WL 592645, at *3 (E. D. Pa. Oct. 15, 1996) (citing 11 Charles A. Wright et al., Federal Practice and Procedure § 2683, at 337-38 (2d ed. 1995) (stating that Rule 60(b)(5) "applies to any judgment that has prospective effect as contrasted with those that offer a present remedy for a past wrong")); *see also Cincinnati Ins. Co. v. Flanders Elec. Motor Serv.*, 131 F.3d 625, 630 (7th Cir. 1997) ("judgments are prospective when they are 'executory' or 'involve the supervision of changing conduct or conditions'" . . . "that a court's action has continuing consequences, however, does not necessarily mean that it has 'prospective application' for the purposes of Rule 60(b)(5)"). The orders dismissing the case and denying the motion for reconsideration have no prospective application, did not compel any party to perform any future act, or require the court to supervise any actions taken by the parties to the case.

Similarly, Rule 60(b)(6) provides the plaintiff no relief. The court's orders provided

3

detailed analysis in dismissing the case and denying the motion for reconsideration. There is nothing to warrant reopening of this case. The court finds that the plaintiff has failed to provide sufficient reasons under Rule 60(b)(6) to justify reopening a case closed in 1999.

Accordingly, the court will deny the plaintiff's motion to reopen. (D.I. 19.)

## IV. CONCLUSION

For the above reasons, the court will deny the motion to reopen this case.

An appropriate order will be entered.

_April 29_, 2016
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE