IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 98-438-GMS |
| | ) |
| MELANIE WITHERS, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

On April 29, 2016, the court denied the plaintiff's motion to reopen this case finding it inappropriate and that the plaintiff failed to provide sufficient reasons for the reopening of a case that was closed in 1999. (*See* D.I. 20, 21.) The plaintiff asks the court to vacate its rulings and allow him to proceed under 28 U.S.C. § 1915(g). (D.I. 22.) In essence, the plaintiff moves for reconsideration.

The standard for obtaining relief under Rule 59(e) is difficult for the plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Dasilva v. Esmor Corr. Services, Inc.*, 167 F. App'x 303 (3d Cir. 2006) (not published).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109,

1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The court has reviewed the plaintiff's motion/request, the April 29, 2016 memorandum opinion, and the applicable law and finds that he has failed to demonstrate any of the grounds necessary to warrant reconsideration of the court's order denying the plaintiff's motion to reopen the case.

NOW THEREFORE, at Wilmington this 19th day of July, 2016, IT IS HEREBY ORDERED that the motion to vacate, construed as a motion for reconsideration is **denied**. (D.I. 22.)

UNITED STATES DISTRICT JUDGE

2