IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 98-438 (MN) |
| ) | |
| MELANIE WITHERS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 22nd day of July 2021:

This case is 23 years old and has been closed since 1999. Plaintiff James Arthur Biggins, an inmate at James T. Vaughn Correctional Center, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 28, 1998. (D.I. 2). The case was dismissed without prejudice on October 22, 1998 for failure to state a claim upon which relief may be granted and, in 1999, Plaintiff's appeal was dismissed for lack of appellate jurisdiction. (D.I. 11, 17). Now before this Court are Plaintiff's second and third motions to reopen the case pursuant to Fed. R. Civ. P. 12(b)(3) (D.I. 28, 31).

**I.     BACKGROUND**

This Court's April 29, 2016 Memorandum provides a detailed background of the case. (*See* D.I. 20). In short, Plaintiff alleged that proper extradition procedures were not followed when he was brought from Maryland to Delaware to face charges of unlawful sexual intercourse first degree, possession of a deadly weapon during the commission of a felony, assault first, and unlawful imprisonment first. (D.I. 2). Following dismissal on October 22, 1998, denial of a motion for reconsideration on October 22, 1998, and dismissal of Plaintiff's appeal on May 27, 1999 for lack of appellate jurisdiction, Plaintiff filed his first motion to reopen the case

on April 7, 2016. (*See* D.I. 11, 13, 17, 19). This Court denied the motion on April 29, 2016, finding relief was not appropriate under Fed. R. Civ. P. 60(b)(4), (5), or (6). (D.I. 21). The Order clearly states, "The plaintiff is placed on notice that the court will not consider future requests to reopen the case." (*Id*.).

Undeterred, Plaintiff filed a motion for reconsideration and it was denied on July 19, 2016. (D.I. 22, 23). Plaintiff appealed, and on December 6, 2016, the appeal was dismissed for Plaintiff's failure to timely prosecute because of his failure to pay the requisite fee. (D.I. 27). On January 21, 2021 Plaintiff filed a motion, and on February 25, 2021 a revised motion, to reopen pursuant to Fed. R. Civ. P. 60(b)(3) despite the Court's prior order that it would not consider future requests to reopen the case. (D.I. 28, 31). In these motions, Plaintiff asks this Court to reopen this action to "correct clear error in facts and law, mistake, and the misapprehension of facts and laws." (*Id*.).

## II.     DISCUSSION

Rule 60(b)(3) allows a court to grant relief from a judgment based on fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). Plaintiff's motion is untimely, as it was filed more than one year following entry of both the April 29, 2016 and the July 19, 2016 Orders.[1] *See* Fed. R. Civ. P. 60(c)(1) (establishing deadline for specified Rule 60(b) motions as "no more than a year after the entry of the judgment or order or proceeding"); *Pecina v. McDonald*, 795 F. App'x 124, 126 n.2 (3d Cir. 2019). An appeal does not toll the one year period to bring the motion. *See Moolenaar v. Government* of V.I., 822 F.2d 1342, 1346 n.5 (3d Cir. 1987); *see also In re Bressman*, 874 F.3d at 142, 149 (3d Cir. 2017) (noting

---

[1]     The one year limit also applies to motions seeking relief under Rule 60(b)(1) and (2).

that motions based on fraud or misconduct are subject to a one-year cap or period of limitations); *National Elevator Indus. v. McLaughlin*, 773 F. App'x 671, 673 (3d Cir. 2019).

Plaintiff attempts to circumvent the one-year filing time by referring to a motion to reopen a case he filed in C.A. No. 99-112 (MN).   Plaintiff, who is a frequent filer, filed the motion without a case number, instead referring to "Civil Action No. 2001 U.S. Dist. Lexis ID."   *See* C.A. No. 99-112 (MN) at D.I. 76.   After researching the matter, this Court concluded that Plaintiff sought to reopen a case he filed in the United States District Court for the District of Maryland, *see Biggins v. Maryland District Court #2-3*, C.A. No. PJM-99-476 (D. Md. Apr. 2016), not in C.A. No. 99-112 (MN), and denied the motion to reopen on April 14, 2020.   Plaintiff did not appeal the ruling. At no time did Plaintiff advise this Court that the motion had been filed in the wrong case.

Plaintiff now contends that he has repeatedly sought relief from this court, "[a]nd as late as April 1, 2020, albeit, under an inaccurate case number 99-112-MN, filed a motion to reopen case." (D.I. 28, 31).   In this Court's view, this is Plaintiff's attempt to avoid an untimely filing and to fall within the one-year time-frame of Rule 12(b)(3).   The attempt fails.   The Court docket reflects that Plaintiff's motions to reopen under Rule 60(b)(3) were filed almost five years after the July 19, 2016 Order that denied Plaintiff's motion for reconsideration.   (D.I. 28, 31). Notably, at no time after entry of the April 14, 2020 Order in 99-112 (MN) did Plaintiff advise this Court in any case that the motion to reopen was incorrectly docketed in 99-112 (MN).   Finally, Plaintiff was placed on notice by this Court's April 29, 2016 Order that it would not consider future requests to reopen the case.   (*See* D.I. 21).   In disregard of the Order, Plaintiff filed not one, but two additional motions to reopen.   (*See* D.I. 28, 31 ¶ 5 ["Based upon well-settled law, Plaintiff request[s] the court to . . . reopen the instant cast."]).   This Court finds that Plaintiff has failed to provide sufficient reasons to justify reopening a case closed in 1999.

Accordingly, Plaintiff's motions to reopen will be denied.  (D.I. 28, 31).

### III.    CONCLUSION

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that the motions to reopen pursuant to Fed. R. Civ. P. 60(b)(3) (D.I. 28, 31) are **DENIED**.  Plaintiff is placed on notice once again that future motions to reopen will be docketed and not considered.  This case remains **CLOSED**.

The Honorable Maryellen Noreika
United States District Judge